**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ANDRE TWITTY, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO.  04-793-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

Plaintiff, formerly an inmate in the United States Penitentiary at Marion, Illinois, filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680.  The Court previously granted Plaintiff's request for leave to proceed *in forma pauperis*, and he was not required to pay an initial partial filing fee.

In this action, Plaintiff alleges that officials at U.S.P. Marion were negligent in providing him with medical care for a hernia.  Despite his complaints regarding this condition, he claims that he received minimal treatment until such time as the hernia became strangulated, requiring emergency surgery to remove the obstruction, along with six inches of his small intestine.  For this alleged negligence of the Government's medical personnel, Plaintiff seeks $1,000,000 in damages.

> The FTCA permits an individual to bring suit in federal court against the United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  28 U.S.C.

§ 1346(b)(1).  Pursuant to this provision, federal inmates may bring suit for injuries they sustain while incarcerated as a consequence of the negligence of prison officials. *United States v. Muniz*, 374 U.S. 150, 83 S. Ct. 1850, 10 L.Ed.2d 805 (1963).  However, the plaintiff may not bring such a suit unless he has first presented his claim to the appropriate federal agency and that agency has denied the claim.  28 U.S.C. § 2675(a).

*Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003).  *See also Massey v. United States*, 312 F.3d 272, 280 (7th Cir. 2002).  From the complaint and supporting memorandum, it appears that Plaintiff has exhausted his administrative remedies with respect to this claim.

**IT IS HEREBY ORDERED** that Plaintiff shall complete and submit a USM-285 form for the **ATTORNEY GENERAL of the UNITED STATES** and for the **UNITED STATES ATTORNEY for the SOUTHERN DISTRICT OF ILLINOIS** within **THIRTY (30) DAYS** of the date of entry of this Memorandum and Order.  The Clerk is **DIRECTED** to send Plaintiff **TWO (2)** USM-285 forms with Plaintiff's copy of this Memorandum and Order.  **Plaintiff is advised that service will not be made until Plaintiff submits these properly completed USM-285 forms.**

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the Complaint, Summons, and this Order upon the United States Attorney for the Southern District of Illinois and upon the Attorney General of the United States at Washington, D.C., pursuant to Rule 4(i) of the Federal Rules of Civil Procedure.  All costs of service shall be advanced by the United States.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon the United States Attorney for the Southern District of Illinois, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include, with the original paper to be filed with the Clerk of the Court, a certificate stating the date that a true and correct copy of any document was mailed to

the United States Attorney.  Any paper received by a district judge or magistrate which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pretrial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral*.

**IT IS SO ORDERED.**

DATED:  08/24/05

s/ G. Patrick Murphy
G. PATRICK MURPHY
Chief United States District Judge